UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-MJ-90 (HB)

UNITED STATES OF AMERICA

v.

SEALED BY ORDER OF THE COURT

ALBERT WALTER BRATTON III

### AFFIDAVIT OF NICHOLAS MARSHALL

I, Nicholas Marshall, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), United States Department of Justice, and have been so employed for 7 years. I am currently assigned to a squad where I investigate crimes involving narcotics, gangs, firearms, and related offenses detailed in Titles 18 and 21 of the United States Code. In the course of my investigations, I have used cooperating informants, pen register/trap and trace devices, wiretaps, and video and audio surveillance. I have interviewed drug traffickers, debriefed informants, and consulted with law enforcement officers who have many years of drug and gang investigative experience. Based on my training, experience, and conversations with other law enforcement investigators, I am familiar with criminal organizations, firearm/drug conspiracies, and the operation of organized criminal groups, such as street gangs. I am also familiar with the methods employed by drug traffickers to distribute and safeguard their drugs and drug proceeds.

1

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of issuing a complaint and arrest warrant for Albert Walter Bratton, III, for the crimes of (1) possession with intent to distribute cocaine in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C); and (2) carrying a firearm during and in relation to a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

3. This affidavit is based on my personal knowledge, as well as information I have learned from other law enforcement officers and the review of reports, written materials, and audio and video recordings. This affidavit does not include all of the details I have learned regarding this investigation. Rather, it only includes information believed to be sufficient to establish probable cause.

## PROBABLE CAUSE

4. On June 10, 2021, officer assigned to the Minneapolis Police Department's Gun Investigations Unit ("GIU") were conducting surveillance in the area of the intersection at Chicago Avenue South and Franklin Avenue in South Minneapolis. This area was being focused on due to increased gang activity along with numerous recent instances of violence, to include shootings and murders. Officers noticed a black Chevrolet Tahoe with MN license plate EKA152 (the "Tahoe") parked on Franklin Avenue, just east of the intersection of Franklin and Chicago Avenue South that appeared to be involved in drug trafficking. Specifically, officers observed several individuals approach the passenger side of the Tahoe and make quick hand-to-hand exchanges with someone inside the

vehicle. Based on their training and experience, officers on scene believed these hand to hand transactions to be narcotics sales.

5.  During the same time period that officers were observing suspected hand to hand drug transactions at and around the Tahoe, one officer who was not on scene but was monitoring the Minneapolis Milestone cameras near the intersection and observed the suspected hand to hand transactions at the Tahoe, also observed a black male wearing a white tank top that the officer believed appeared to be in possession of a handgun. The officer could see the impression of the handgun protruding from his waistband, and aired this information to officers in the area.

6.  Around the same time, a confidential reliable informant ("CRI") told one of the officers that an individual "A.B." was inside the Tahoe with a handgun. The officer knew "A.B." to be Albert Bratton. A short time later, the CRI told the officer that a second male inside the vehicle also had a handgun. Officers observing the Tahoe noticed the vehicle had two different license plates on it. One license plate displayed MN EKA152. The license plate on the back was different from the license plate on the front, leading officers to suspect the vehicle was possibly stolen. During this time there were several individuals standing around the Tahoe.

7.  Based on suspected illegal activity in and around the Tahoe, officers made a plan to have squads approach the Tahoe to try and conduct a traffic stop.

8.  As officers approached the Tahoe, several individuals fled from officers on foot. One of the males who ran from officers, wearing gray sweat shorts and a white shirt and later identified as Albert Walter Bratton III, appeared to have a firearm in his waistband

3

because of the way he was running; he was continuously holding his waistband and pulling his pants up. Officers chased Bratton through the parking lot behind Norwegian Lutheran Church at 924 East 21st Street and continued southbound for a short time until Bratton fell near the intersection of 21st Street East and 10th Avenue South. As Bratton tried to get up, a pursuing officer caught up, pushed him back down to the ground and directed him to stay on the ground. An assisting squad had pulled up next to them. Bratton was reaching for his waistband underneath his body and pulled his arm out until his hand was underneath the squad car. At that time the officer who was trying to keep Bratton on the ground heard a hard plastic/metallic item slide underneath the squad car. Bratton was handcuffed and removed from the area. Officers subsequently recovered a Glock model 43, 9 mm semiautomatic pistol with a clear extended magazine from underneath the squad in the area where Bratton's hand had gone. The magazine was loaded and there was a round in the chamber.



9.      After Bratton was handcuffed, an employee at the church flagged one of the officers down and said that a man had thrown a baggie while running from police. The employee brought the officer back to the church parking lot and showed him the baggie on the ground; it was in the direct path Bratton had taken through the lot while running from that officer. The baggie contained a white substance officers suspected to be cocaine. It later field tested positive for cocaine and weighed 7.6 grams.



10.     As Bratton was being booked into the Hennepin County jail, the jail staff recovered another baggie of suspected cocaine in his front pants' pocket. This baggie contained 14 smaller baggies inside of it which appeared to be packaged for individual sales. Officers field tested some of the substance from one of the larger baggies and it field

tested positive for cocaine. All together, the 14 smaller baggies weighed 2.4 grams with packaging.



11.   I know from my training and experience, and from speaking with other law enforcement officers who have conducted drug investigations, that a typical amount of crack cocaine that would be sold on the street is one-tenth of a gram or two-tenths of a gram, and that these amounts of crack cocaine are commonly sold for $10 or $20, respectively. I also know that the plastic packaging typically weighs nearly as much as the crack cocaine when the amounts are one-tenth or two-tenths of a gram. Over the last two to three years, Minneapolis Police investigators have purchased crack cocaine at or near

the intersection of Franklin Avenue and Chicago Avenue South, paying $10 for one-tenth of a gram, or $20 for two-tenths of a gram. The crack cocaine was packaged similarly to the items Bratton had in his pocket.

12. After Bratton's arrest, law enforcement recovered $220 in currency from his person, consisting of 11 $20 bills.

13. I know from my training and experience that firearms are a tool of the drug trade. Among other reasons, drug dealers often carry firearms to protect their drugs and their drug proceeds.

14. Based on the above facts, there is probable cause to believe that on June 10, 2021, BRATTON knowingly and intentionally possessed with the intent to distribute, a mixture and substance containing a detectable amount of cocaine, and that he knowingly and unlawfully carried a firearm during and in relation to his drug trafficking crime, in violation of Title 21, United States Code, Sections 841(a)(1) and 841 (b)(1)(C) and Title 18, United States Code, Section 924(c)(1)(A)(i), respectively.

Further your Affiant sayeth not.

_____
Nicholas L. Marshall, Special Agent
Federal Bureau of Investigation

SUBSCRIBED and SWORN to before me
by reliable electronic means via FaceTime
pursuant to Fed. R. Crim. P. 41(d)(3) on
January 21, 2022.

_____
HONORABLE HILDY BOWBEER
United States Magistrate Judge