UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-mj-90 (HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER FOR DETENTION AND** |
| ) | **FINDING OF PROBABLE CAUSE** |
| ALBERT WALTER BRATTON III, ) | |
| ) | |
| Defendant. ) | |

This matter came before the Court on January 26, 2022, for a hearing on the United States' Motion for Detention pursuant to 18 U.S.C. §§ 3142(f) and (g), and a preliminary hearing on the Government's Complaint pursuant to Rule 5.1 of the Federal Rules of Criminal Procedure.

At the hearing, Defendant ALBERT WALTER BRATTON III was present and represented by Doug Olson, Assistant Federal Defender. The Government was represented by Amber Brennan, Assistant United States Attorney.

Nicholas Marshall, who is a Special Agent with the Federal Bureau of Investigation, testified at the hearing regarding the facts and circumstances surrounding the current allegations against Defendant, his record of involvement in other incidents, including a traffic stop in May 2021 and a search warrant executed at his residence in December 2021.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Based on the record before the Court, including the testimony of Special Agent Marshall and the arguments of counsel, the Court finds that the Government established probable cause to believe that Defendant committed a violation of 21 U.S.C. § 841(b)(1)(C), possession with the intent to distribute a mixture or substance containing cocaine, and 18 U.S.C. § 924(c), carrying a firearm during and in relation to a drug trafficking crime.

2. Because Defendant is facing charges that carry a maximum sentence of more than 10 years pursuant under the Controlled Substances Act, 21 U.S.C. § 841(b)(1)(A), as well as charges pursuant to 18 U.S.C. § 924(c), there is a rebuttable presumption in favor of detention. 18 U.S.C. §§ 3142(e)(3)(A)-(B).

3. If Defendant rebuts the presumption in favor of detention, the burden is on the Government to show by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community if Defendant is released, or by a preponderance of the evidence that releasing Defendant will create a risk of his nonappearance. 18 U.S.C. § 3142(f).

4. Based on the record before it, the Court finds that although Defendant rebutted the presumption as to risk of nonappearance, Defendant has failed to rebut the presumption in favor of detention based on danger to the community and therefore detention is appropriate. The Court further finds that even had the presumption been rebutted, the Government showed by clear and convincing evidence that there is no condition or combination of conditions that would assure the safety of the community if

Defendant is released pending trial. This finding is based on the alleged offense conduct, which involves possession of a firearm and crack cocaine packaged for sale on June 10, 2021, as well as the fact that Defendant was on supervision by state authorities for a 2019 drug offense at the time of the instant offense conduct as well as in December, 2021, when law enforcement recovered firearm-related items (empty magazines) from his apartment, as well as firearms and extended magazines from vacant units within the building to which he had access. The Court also finds by a preponderance of the evidence that there is no condition or combination of conditions that will assure Defendant's continued appearance in these proceedings, based in part on Defendant's flight from police on June 10, 2021.

     5.     Pursuant to 18 U.S.C. § 3142(e), detention is appropriate.

THEREFORE, IT IS HEREBY ORDERED that:

     1.     Pursuant to Rule 5.1(e) of the Federal Rules of Criminal Procedure, Defendant is required to appear for further proceedings in this matter.

     2.     Defendant is committed to the custody of the United States Marshals for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

     3.     Defendant shall be afforded reasonable opportunity to consult privately with his lawyer.

     4.     Upon order of the Court or request by the United States Attorney, the person in charge of the correctional facility in which Defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with all court proceedings.

Dated:  January 28, 2022                             *s/ Hildy Bowbeer*
                                                     The Honorable Hildy Bowbeer
                                                     United States Magistrate Judge