UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-38 (PJS/JFD)

UNITED STATES OF AMERICA,

Plaintiff,

v.

ALBERT WALTER BRATTON,

Defendant.

**PLEA AGREEMENT AND
SENTENCING
STIPULATIONS**

The United States of America and the defendant, Albert Walter Bratton, agree to resolve this case on the following terms and conditions. This plea agreement binds only Bratton and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1.      **Charges**.   Bratton agrees to plead guilty to Count 1 of the Information, charging him with being an unlawful user of a control substance in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(3), and Count 2 of the Information, charging him with Possession with Intent to Distribute Controlled Substances. The Defendant fully understands the nature and elements of the crime with which he has been charged. At the time of sentencing, the Government agrees to move to dismiss the Indictment that is currently pending against the Defendant.

2.      **Factual Basis**.   Bratton stipulates and agrees to the following facts and further agrees that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt.

SCANNED
MAY 16 2022
U.S. DISTRICT COURT MPLS

On June 10, 2021, Minneapolis Police Department officers were conducting surveillance in south Minneapolis, near the intersection of Chicago Avenue South and Franklin Avenue monitoring a black SUV parked on Franklin Avenue suspected of drug activity. Officers attempted to approach the SUV. Several individuals who were standing near the SUV, including Mr. Bratton, fled when they saw law enforcement approaching.  A law enforcement officer pursued Mr. Bratton on foot, and Mr. Bratton ran away while carrying a firearm in his waistband. The officer pursued Bratton through a church parking lot and back onto the street, and Mr. Bratton eventually fell, and as he was trying to get up, the pursuing officer tackled him and restrained him on the pavement, and Mr. Bratton tossed the gun under a squad car after he fell to the pavement. Officers recovered the firearm he had possessed in his waistband under the squad car. That firearm was a Glock model 43, 9mm semiautomatic pistol with an extended magazine. The magazine was loaded and there was a round in the chamber.

After Mr. Bratton was taken into custody, law enforcement collected a small baggie from the church parking lot which Mr. Bratton had thrown while he was fleeing from officers. The baggie held approximately 7.4 grams of cocaine. As Mr. Bratton was being booked into Hennepin County Jail, jail staff recovered another baggie in his pants pocket. This baggie contained 14 smaller baggies of individually packaged cocaine; the total weight of the baggies was approximately 2.4 grams. Mr. Bratton admits that he possessed the cocaine with the intent to distribute it.

Mr. Bratton admits that on June 10, 2021, he knowingly and intentionally possessed the Firearm. At the time he possessed the Firearm, he was an unlawful user of a controlled substance as defined in 21 U.S.C. § 802 and knew he was an unlawful user of a controlled substance. The Firearm Mr. Bratton possessed was manufactured outside the State of Minnesota. It therefore necessarily traveled in or affected interstate or foreign commerce prior to being in the defendant's possession in the State and District of Minnesota on or about June 10, 2021.

3. **Waiver of Indictment**. The Defendant agrees to waive his right to be indicted by a grand jury on the two counts in the Information, and the Defendant consents to being charged by Information. The Defendant further agrees to execute a separate, written waiver of his right to be indicted by a grand jury on this offense.

4. **Waiver of Pretrial Motions**. Bratton understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement and based upon the concessions of the United States contained herein, Bratton knowingly, willingly and voluntarily agrees to withdraw any pretrial motions he may have already filed and to give up the right to file any additional pretrial motions.

5. **Waiver of Constitutional Trial Rights**. The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to

testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6. **Additional Consequences**. The defendant understands that as a result of his conviction, he could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

7. **Statutory Penalties**. The parties agree that Count 1 of the Information carries the following statutory penalties:

   a. a maximum term of 10 years' imprisonment, a Class C felony. (18 U.S.C. §§ 922(g)(3), 924(a)(2), and 3559(a)(3));

   b. a supervised-release term of not more than 3 years. (18 U.S.C. §§ 3559(a)(3) and 3583(b)(2));

   c. a fine of up to $250,000. (18 U.S.C. §§ 924(a)(2) and 3571(b)(3)); and

   d. a mandatory special assessment of $100. (18 U.S.C. § 3013(a)(2)(A)).

The parties agree that Count 2 of the Information carries the following statutory penalties:

a.   a maximum term of 20 years' imprisonment, a Class C felony. (21 U.S.C. § 841(b)(1)(C));

b.   a supervised-release term of at least 3 years. (18 U.S.C. §§ 3559(a)(3) and 3583(b)(2));

c.   a fine of up to $1,000,000. (21 U.S.C. § 841(b)(1)(C) and 3571(b)(3)); and

d.   a mandatory special assessment of $100.   (18 U.S.C. § 3013(a)(2)(A)).

8.   **Guidelines Calculations**.  The parties acknowledge Bratton will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence, and the parties stipulate to the following Guidelines calculations. Notwithstanding the following stipulations, nothing in this plea agreement prevents the parties from bringing to the attention of the Court and the Probation Office all information in their possession regarding the offense, including relevant conduct, and Bratton's background.

a.   **Base Offense Level**.  The parties agree that the base offense level for Count 1 of the Information is **12**. USSG § 2K2.1(a)(4)(A)

The parties agree that the base offense level for Count 2 of the Information is **12**, because Bratton possessed less than 50 grams of cocaine. USSG § 2D1.1(c)(14).

b.   **Specific Offense Characteristics**.  The parties agree that for Count 1 of the Information, because the defendant possessed the firearm in connection with another felony offense, possession with intent to distribute cocaine, the base offense level should be increased by **6 levels** to a Base Offense Level of 18.   USSG § 2K2.1(b)(6)(B). The parties agree that no other specific offense characteristics or adjustments apply.

The parties agree that for Count 2 of the Information, because the defendant possessed a dangerous weapon, the base offense level should be increased by **2 levels**. USSG § 2D1.1(b)(1). The parties agree that no other specific offense characteristics or adjustments apply.

      c.     **Chapter Three Adjustments**.  The government maintains that a **2 level** enhancement applies for reckless endangerment during flight. USSG § 3C1.2.  The defendant does not agree and reserves the right to challenge this enhancement.

The parties agree that Count 1 of the Information and Count 2 of the Information are grouped together into a single group because both counts embody conduct that is treated as a specific offense characteristic in the guideline applicable to the other count. U.S.S.G. § 3D1.2(c). Therefore, the offense level applicable to the group will be the highest offense level of the counts in the group, which would be **18** or **20**.

      d.     **Acceptance of Responsibility**.  The parties agree that if and only if the defendant: (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully at the change-of-plea and sentencing hearings; (3) complies with this agreement; and (4) does not engage in any act inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report, the United States will recommend that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a), and will move for an additional one-level reduction under § 3E1.1(b).  The defendant understands that any reduction for acceptance of responsibility shall be determined by the Court in its discretion. Nothing in this agreement, however, limits the right of the Government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an enhancement for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility, including moving to withdraw his guilty plea after it is entered.

After applying all adjustments, the adjusted total offense level is **15 or 17**.

      e.     **Criminal History Category**.  Based on the information currently available, the parties believe the defendant has a criminal history category of **III**.  This is not a stipulation but merely a belief based on an assessment of the information currently known.  Accordingly, the parties agree that the defendant's actual criminal history category and related status

will be determined by the Court based on the information presented in the Presentence Report and by the arguments made by the parties at the time of sentencing.

      f.     **Guidelines Ranges**.  If the adjusted total offense level is **17**, and the criminal history category is **III**, the advisory Guidelines range is **30-37 months' imprisonment**.  If the total offense level is **15**, the guideline range is **24-30 months**.

      g.     **Fine Range**.  If the adjusted total offense level is 17, the applicable fine range is $10,000 to $95,000. USSG § 5E1.2(c)(3).

      h.     **Special Assessments**.  The Guidelines require payment of a special assessment in the amount of $200.00.  USSG § 5E1.3.  Bratton understands and agrees that this special assessment is due and payable at or before sentencing.

      i.     **Supervised Release**.  The Guidelines require a term of supervised release of at least 1 year but not more than 3 years.  USSG § 5D1.2(a)(2).

9.     **Revocation of Supervised Release**.  Bratton understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke his supervised release, and Bratton could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3).  *See* USSG §§ 7B1.4, 7B1.5. Bratton also understands that as part of any revocation, the Court may include a requirement that he be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

10.     **Discretion of the Court**.  The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The

Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guidelines calculations and/or the defendant's criminal history category are different from that stated above, the parties may not withdraw from this agreement, and Bratton will be sentenced pursuant to the Court's determinations.

11.     **Agreements as to Sentencing Recommendation**.   The parties are free to recommend whatever sentence they deem appropriate.   The parties reserve the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a), to oppose any such motion made by the opposing party, and to argue for a sentence outside the applicable Guidelines range.   The defense requests that the court impose its sentence concurrent with any sentence that is imposed in the parallel Hennepin County Case No. 27-CR-21-11029 pursuant to USSG 5G1.3(c). The government does not object to this request.   If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

12.     **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3.   The defendant agrees to pay the special assessment prior to sentencing.

13.    **Restitution Agreement**. The defendant understands and agrees that 18 U.S.C. § 3663 applies and that the Court may order the defendant to make restitution to the victims of his crime.

14.    **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearm with accessories and any ammunition involved in the defendant's violation of Title 18, United States Code, Section 922. The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the ammunition.

15.    **Waiver of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above the high end of the Guidelines range determined by the district court. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney.

The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below the low end of the Guidelines range determined by the district court.

16. **Waiver of Freedom of Information Act and Privacy Act**. In exchange for the concessions of the United States made herein, Harmon agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17.  **Complete Agreement**.  This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.


Dated:  May 16, 2022                    ANDREW M. LUGER
                                        United States Attorney


                                        BY: HARRY M. JACOBS
                                        Assistant United States Attorney


Dated:  5/16/2022

                                        ALBERT WALTER BRATTON
                                        Defendant


Dated:  5/16/2022

                                        DOUG OLSON, ESQ.
                                        Attorney for Defendant